UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| THE ANCIENTREE CABINET CO., LTD <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Court No. 23-262 |

# COMPLAINT

On behalf of The Ancientree Cabinet Co., Ltd., ("Ancientree" or "Plaintiff"), we hereby bring this civil action and allege the following:

## Parties

1. Plaintiff is a Chinese producer and exporter of merchandise subject to the antidumping Order on Wooden Cabinets and Vanities and Components Thereof From the People's Republic of China and was a mandatory respondent in the antidumping administrative review for the period April 1, 2021 through March 31, 2022.

2. Defendant is the United States of America acting by and through the U.S. Department of Commerce (the "Department").

## Jurisdiction

3. This action is brought pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and (2)(B)(iii) to contest the Department's final results of the administrative review under 19 U.S.C. §1675. *See Wooden Cabinets and Vanities and Components Thereof From the People's Republic of China: Final Results and Final Determination of No Shipments of the Antidumping Duty*

*Administrative Review; 2021–2022*, 88 Fed. Reg. 76,729 (November 7, 2023*)*.

  4. Accordingly, this Court possesses jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

## Standing

  3. Plaintiff is a foreign exporter of the subject wooden cabinets and vanities. Accordingly, plaintiff qualifies as an interested party within the meaning of 19 U.S.C. §§ 1516a(f)(3) and 1677(9)(A).

  4. In addition, because the Department's Final Results overstated Plaintiff's antidumping duty margin, Plaintiff has been adversely affected or aggrieved by agency action within the meaning 5 U.S.C. § 702. Therefore, Plaintiff has standing to bring this action under 28 U.S.C. § 2631(c).

## Timeliness

  5. Notice of the Final Results was published in the Federal Register on November 7, 2023. Plaintiff filed the summons instituting this action on December 7, 2023, *i.e.*, within 30 days of publication of the Final Results, serving notice of the action upon all other participants in the investigation on the same date. Thirty days from December 7, 2023 is January 8, 2024. Accordingly, Plaintiff is timely filing this complaint and has commenced this action within the time limits specified in 19 U.S.C. § 1516a(a)(2)(A), 28 U.S.C. § 2636(c), and Rule 3 of the Rules of this Court.

## Statement of Facts

  5. On April 21, 2020, the Department initiated the 2021-2022 administrative review of the antidumping duty Order on Wooden Cabinets and Vanities and Components Thereof From the People's Republic of China.

6. On September 14, 2022, the Department selected two mandatory respondents: Ancientree and Fujian Dushi Wooden Industry Co., Ltd. ("Dushi").

7. In calculating the export price, the Department is ordered to increase the U.S. sales price of subject merchandise by the amount of any export subsidy found countervailable in the companion countervailing Order. Such an adjustment is not discretionary but it is required by statute. 19 U.S.C. §1677a(c)(1)(c) provides that "The price used to establish export price and constructed export price shall be (1) increased by ... (c) the amount of any countervailing duty imposed on the subject merchandise under part I of this subtitle to offset an export subsidy." Commerce does so as a matter of course to avoid double remedies when AD and CVD Orders apply to the same merchandise.

8. The Department calculated a final margin of 8.26 percent for Ancientree. However, in the Preliminary and Final Results, the Department failed to increase the U.S. sales price of subject merchandise by the amount of a known export subsidy, the Export Buyer's Credit ("EBC") program. *Wooden Cabinets and Vanities and Components Thereof From the People's Republic of China: Final Affirmative Countervailing Duty Determination,* 85 Fed. Reg. 11,962 (Feb. 28, 2020), and accompanying IDM at 77 (listing the EBC program among the export subsidies).

9. When the Department failed to make this routine and mandatory adjustment in the Final Results, Plaintiff filed a ministerial error comment. Plaintiff explained that as the adjustment is required under the law, this was a clear ministerial error. 19 C.F.R. §351.224(f) (2016) (defining a "ministerial error" as an error "in addition, subtraction, or other arithmetic function, clerical error resulting from inaccurate copying, duplication, or the like, and any other similar type of unintentional error which the Secretary considers ministerial.").

10. The Department rejected Ancientree's ministerial error comment, citing to 19 C.F.R. 351.224(c)(1) that the error should have been raised in Ancientree's case brief because the error was present in the Preliminary Results as well.

11. This appeal ensued.

### Count 1

12. Plaintiff hereby incorporates, by reference, paragraphs 1 through 11, above.

13. The Department's rejection of Ancientree's ministerial error comment was arbitrary and an abuse of discretion. *See* 19 U.S.C. §1516a(b)(1)(B)(ii)(holding unlawful a decision that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.). The Department's rejection of the comment failed to consider that the error raised was ministerial in nature and not correcting the error was a violation of the law to adjust for export subsidies and in violation of the duty to calculate accurate margins. *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (a decision may be arbitrary when it "entirely failed to consider an important aspect of the problem."); *Anderson v. U.S. Sec'y of Agriculture*, 462 F. Supp. 2d 1333, 1339 (2006) ("Agencies have a responsibility to administer their statutorily accorded powers fairly and rationally, which includes not 'treat[ing] similar situations in dissimilar ways.'"); s*ee also NTN Bearing Corp. v. United States*, 74 F.3d 1204, 1208 (Fed. Cir. 1995) (Courts evaluating rejection of ministerial error correction requests have done so under an abuse of discretion standard by asking whether Commerce appropriately balanced "'the desirability of finality, on the one hand, and the public interest in reaching what, ultimately, appears to be the right result on the other.'") (quoting *Civil Aeronautics Bd. v. Delta Air Lines*, Inc., 367 U.S. 316, 321 (1961).

## Count 2

14. Plaintiff hereby incorporates, by reference, paragraphs 1 through 13, above.

15. The Department's failure to increase the U.S. sales price of subject merchandise by the 10.54% amount of the EBC export subsidy was contrary to law, particularly as the Department does not dispute the underlying facts. *See* 19 U.S.C. §1516a(b)(1)(B)(ii); *see also Changzhou Trina Solar Energy Co. v. United States*, Consol. 17-00199, Slip Op. 19-12 at 13-22 (Ct. Intl. Trade Jan. 25, 2019) (finding that Commerce must offset the EBC program). Specifically, the Department does not deny that the allegation qualifies as a ministerial error and thus waives that defense on appeal. Instead, the Department raised the non-responsive exhaustion defense in response to the error allegation. Further, the Department is ordered to calculate dumping margins as accurately as possible. *Rhone Poulenc, Inc. v. United States*, 899 F.2d 1185, 1191 (Fed. Cir. 1990). The Department is ordered to adjust for export subsidies. 19 U.S.C. §1677a(c)(1)(c). The Department has knowingly assigned Ancientree an inaccurate margin. Accordingly, the Department's Final Results are contrary to law.

**Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against the defendant:

(1) Declaring the Department's rejection of Ancientree's ministerial error comment as arbitrary and capricious and an abuse of discretion; and

(2) Declaring that the Department's failure to increase the U.S. sales price of subject merchandise by the amount of the EBC export subsidy as contrary to law; and

(3) Granting Plaintiffs such other relief as the Court may deem appropriate.

Respectfully submitted,

/s/ Gregory S. Menegaz
Gregory S. Menegaz
Alexandra H. Salzman
Vivien Jinghui Wang
**deKieffer & Horgan, PLLC**
1156 Fifteenth Street, N.W.  20005
Suite 1101
Tel: (202) 783-6900
Fax:  (202) 783-6909
email:  gmenegaz@dhlaw.com

Dated:  January 5, 2024