**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | |
|---|---|
| THE ANCIENTREE CABINET CO., LTD., )<br><br>Plaintiff, )<br><br>v. )<br><br>UNITED STATES, )<br><br>Defendant, )<br><br>and )<br><br>AMERICAN KITCHEN CABINET )<br>ALLIANCE, )<br><br>Defendant-Intervenor. ) | Court No. 23-00262 |

## ORDER

Upon consideration of the motion for judgment upon the administrative record filed by plaintiff, the responses thereto, and other pertinent papers, it is hereby

ORDERED that plaintiff's motion is DENIED; and it is further

ORDERED that the Department of Commerce's determination is affirmed in all respects; and it is further

ORDERED that judgment is entered in favor of the United States.

_____
CHIEF JUDGE

Dated: _____, 2024
        New York, NY

i

## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:      THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | | |
|---|---|---|
| THE ANCIENTREE CABINET CO. LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Court No. 23-00262 |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant, | ) | |
| and | ) | |
| | ) | |
| AMERICAN KITCHEN CABINET | ) | |
| ALLIANCE, | ) | |
| | ) | |
| Defendant-Intervenor. | ) | |

## DEFENDANT'S RESPONSE TO PLAINTIFFS' RULE 56.2 MOTIONS FOR JUDGMENT ON THE AGENCY RECORD

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney
General

PATRICIA M. McCARTHY
Director

TARA K. HOGAN
Assistant Director

OF COUNSEL:

HEATHER HOLMAN
Attorney
U.S. Department of Commerce
Office of the Chief Counsel
for Trade Enforcement and Compliance
Washington, D.C. 20230

COLLIN T. MATHIAS
Trial Attorney
U.S. Department of Justice
Commercial Litigation Branch
Civil Division
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 307-0315
Email: Collin.T.Mathias@usdoj.gov

August 12, 2024

Attorneys for Defendant United States

## **TABLE OF CONTENTS**

PAGE

TABLE OF AUTHORITIES ................................................................................................ iii

STATEMENT PURSUANT TO RULE 56.2 ........................................................................2

      I.     Administrative Determination Under Review ........................................................2

      II.    Issues Presented ....................................................................................................2

STATEMENT OF FACTS .................................................................................................2

SUMMARY OF THE ARGUMENT ...................................................................................4

ARGUMENT .....................................................................................................................4

      I.     Standard Of Review.............................................................................................. 4

      II.    Commerce's Rejection Of The Ministerial Error Allegation Was In Accordance With Law And Not An Abuse Of Discretion.........................................................5

      III.   This Court Should Not Consider Ancientree's Belated Objection to Commerce's Export Price Calculations ......................................................................................10

           A.    Legal Framework For Administrative Remedies...................................... 10

           B.    Ancientree Fails To Identify Any Exception To The Exhaustion Doctrine That Applies............................................................................................... 12

CONCLUSION ................................................................................................................16

# TABLE OF AUTHORITIES

**CASES**                                                                                    **PAGE(S)**

*ABB, Inc. v. United States*,
   920 F.3d 811 (Fed. Cir. 2019)...........................................................................................11

*Atl. Sugar, Ltd. v. United States*,
   744 F.2d 1556 (Fed. Cir. 1984) .......................................................................................... 5

*Boomerang Tube LLC v. United States*,
   856 F.3d 908 (Fed. Cir. 2017) ......................................................................................... 10

*Cambria Co. LLC v. United States*,
   Slip Op. 24-62, 2024 WL 2722558 (Ct. Int'l Trade May 28, 2024) ........................................ 7

*Catfish Farmers of Am. v. United States*,
   Slip Op. 23-97, 2023 WL 4560815 (Ct. Int'l Trade July 7, 2023) ........................................... 7

*Chengde Malleable Iron General Factory v. United States*,
   505 F. Supp. 2d 1367 (2007) ............................................................................................ 8

*Consol. Edison Co. v. NLRB*,
   305 U.S. 197 (1938) ....................................................................................................... 4

*Consolo v. Fed. Mar. Comm'n*,
   383 U.S. 607 (1966) ....................................................................................................... 5

*Corus Staal BV v. United States*,
   502 F.3d 1370 (Fed. Cir. 2007) ...................................................................................10, 11, 12

*Dongtai Peak Honey Indus. Co. v. United States*,
   971 F. Supp. 2d 1234 (Ct. Int'l Trade 2014) ....................................................................... 5, 6

*Dorbest Ltd. v. United States*,
   604 F.3d 1363 (Fed. Cir. 2010) ..................................................................................... 6, 7, 11

*Euro SME SDN BHD v. United States*,
   Slip Op. 24-16, 2024 WL 550334 (Ct. Int't Trade 2024)......................................................... 14

*Fischer S.A. Comercio, Industria & Agricultura v. United States,*
    885 F. Supp. 2d 1366 (Ct. Int'l Trade 2012) ............................................................. 13, 14, 15

*Indiana Utility Regulatory Comm'n v. FERC,*
    668 F.3d 735 (D.C. Cir. 2012) ........................................................................................ 14

*Itochu Bldg. Prods. v. United States,*
    733 F.3d 1140 (Fed. Cir. 2013) ................................................................................... 11, 13

*Maverick Tube Corp. v. United States,*
    107 F. Supp. 3d 1318 (Ct. Int'l Trade 2015) .................................................................. 6

*McCarthy v. Madigan,*
    503 U.S. 140 (1992) ................................................................................................... 11, 13

*McKart v. United States,*
    395 U.S. 185 (1969) ......................................................................................................... 13

*Mittal Steel Point Lisas Ltd. v. United States,*
    548 F.3d 1375 (Fed. Cir. 2008) ...................................................................................... 11

*Nagase & Co. v. United States,*
    628 F. Supp. 3d 1326 (Ct. Int'l Trade 2023) ................................................................... 6

*Nippon Steel Corp. v. United States,*
    458 F.3d 1345 (Fed. Cir. 2006) ....................................................................................... 5

*NTN Bearing Corp. v. United States,*
    74 F.3d 1204 (Fed. Cir. 1995) ......................................................................................... 6

*NTSF Seafoods Joint Stock C. v. United States,*
    Slip Op. 22-38, 2022 WL 1375140 (Ct. Int'l Trade 2022)........................................ 7, 12
*Pohang Iron & Steel Co. v. United States,*
    23 Ct. Int'l Trade 778 (1999) ......................................................................................... 11

*Prime Time Commerce LLC v. United States,*
    495 F. Supp. 3d 1308 (Ct. Int'l Trade 2021) .................................................................. 11

*Qingdao Ge Rui Da Rubber Co. v. United States,*
    664 F. Supp. 3d 1369 (Ct. Int'l Trade 2023) .................................................. 14

*QVD Food Co., Ltd. v. United States,*
    658 F.3d 1318 (Fed. Cir. 2011)........................................................................ 7, 9

*Samsung Electronics Co. Ltd. v. United States,*
    72 F. Supp. 3d 1359 (Ct. Int'l Trade 2015) .................................................. 12

*Sandvik Steel Co. v. United States,*
    164 F.3d 596 (Fed. Cir. 1998) .........................................................................11

*Stanley Works (Langfang) Fastening Sys. v. United States,*
    964 F. Supp. 2d 1311 (Ct. Int'l Trade 2013) .................................................. 8

*Stanley Works (Langfang) Fastening Systems Co. v. United States,*
    279 F. Supp. 3d 1172 (Ct. Int'l Trade 2021) ...............................................11

*Ta Chen Stainless Steel Pipe, Ltd. v. United States,*
    342 F. Supp 2d 1191 (Ct. Int'l Trade 2004) ...............................................11

*Thai I-Mei Frozen Foods Co. v. United States,*
    477 F. Supp. 2d 1332 (2007) ......................................................................... 14

*Timken United States Corp. v. United States,*
    434 F.3d, 1345 (Fed. Cir. 2006) ..................................................................... 7

*United States v. L.A. Tucker Truck Lines, Inc.,*
    344 U.S. 33 (1952)........................................................................................... 15
*Pakfood Public Co. v. United States,*
    724 F. Supp. 1327 (Ct. Int'l Trade 2010) ..................................................... 15

*Vermont Yankee Nuclear Power Corp. v. Nat. Res. Def. Council, Inc.,*
    435 U.S. 519 (1978)...................................................................................... 5, 6

*Yantai Timken Co. v. United States,*
    521 F. Supp. 2d 1356 (Ct. Int'l Trade 2007) ................................................ 5

*Zhaoqing Tifo New Fibre Co. v. United States*,
   60 F. Supp. 3d 1328 (Ct. Int'l Trade 2015) ................................................. 12, 14, 15

## STATUTES

19 U.S.C. § 1516a(b)(1)(B) ........................................................................... 4

19 U.S.C. § 1675(h) ...................................................................................... 6

19 U.S.C. § 1677a(c)(1)(c) ....................................................................... 3, 14

19 U.S.C. § 1677b(c)(1) ............................................................................... 9

28 U.S.C. § 2637(d) ................................................................................... 10

## REGULATIONS

19 C.F.R. § 351.224(c) ................................................................................. 6

19 C.F.R. § 351.224(c)(1) .................................................................... passim

19 C.F.R. § 351.309 .................................................................................... 12

19 C.F.R. § 351.309(c)(2) ..................................................................... passim

19 C.F.R. § 351.309(c)(ii) ............................................................................. 5

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | | |
|---|---|---|
| THE ANCIENTREE CABINET CO., LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Court No. 23-00262 |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| AMERICAN KITCHEN CABINET ALLIANCE, | ) | |
| | ) | |
| Defendant-Intervenor. | ) | |

**DEFENDANT'S RESPONSE TO PLANTIFF'S
RULE 56.2 MOTION FOR JUDGMENT UPON THE AGENCY RECORD**

Pursuant to Rule 56.2 of the Rules of this Court, defendant, the United States, respectfully submits this response in opposition to the motion for judgment on the agency record filed by plaintiff, The Ancientree Cabinet Co., Ltd. (Ancientree), challenging aspects of the United States Department of Commerce's final results of an administrative review of an antidumping duty order covering wooden cabinets and vanities and components thereof from the People's Republic of China.  ECF No. 28 (Ancientree Br.).  Ancientree challenges the Department of Commerce's denial of a ministerial error allegation.  *See* Rejection of Untimely Ministerial Error Allegation (Dep't of Commerce November 20, 2023), P.R. 338.  Because Commerce's determination is based on substantial evidence and otherwise in accordance with law, we respectfully request that the Court deny Ancientree's motion and sustain the determination.

## STATEMENT PURSUANT TO RULE 56.2

### I.    Administrative Determination Under Review

The administrative determination under review is the final results of the 2021-2022 administrative review of the antidumping duty order covering wooden cabinets and vanities and components thereof from China. *See Wooden Cabinets and Vanities and Components Thereof from the People's Republic of China: Final Results and Final Determination of No Shipments of the Antidumping Duty Administrative Review; 2021-2022*, 88 Fed. Reg. 76,729 (Dep't of Commerce Nov. 7, 2023), P.R. 320,[1] and accompanying Issues & Decision Memorandum (IDM), P.R. 321. The period of review is April 1, 2021, through March 31, 2022.

### II.    Issue Presented for Review

Whether Commerce's rejection of Ancientree's ministerial error allegation was supported by substantial evidence and in accordance with law.

## STATEMENT OF FACTS

In April 2022, Commerce published in the *Federal Register* a notice of opportunity to request an administrative review of the antidumping duty order covering wooden cabinets and vanities and components thereof from China. *Antidumping or Countervailing Duty Order, Finding, or Suspended Investigation; Opportunity To Request Administrative Review and Join Annual Inquiry Service List*, 87 Fed. Reg. 19,075 (Dep't of Commerce April 1, 2022), P.R. 1. In June 2022, Commerce initiated an administrative review covering the period April 1, 2021, to March 31, 2022. *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 87 Fed. Reg. 48,459 (Dep't of Commerce Aug. 9, 2022), P.R. 24. Commerce selected Ancientree as

---

[1] Citations to the public record (P.R.) refer to the record of the underlying administrative review. Administrative Record Index, ECF No. 16. This brief does not contain any confidential information.

one of the mandatory respondents. *See* Respondent Selection Memorandum (Dep't of Commerce Sept. 14, 2022), P.R. 101.

Commerce published its preliminary results in May 2023. *Wooden Cabinet and Vanities and Components Thereof From the People's Republic of China: Preliminary Results, Preliminary Determination of No Shipments, and Partial Rescission of the Antidumping Duty Administrative Review; 2021-2022*, 88 Fed. Reg. 29,086 (Dep't of Commerce May 5, 2023) (Preliminary Results), P.R. 268, and accompanying Preliminary Decision Memorandum (PDM), P.R. 269. As part of the preliminary results, Commerce explained its methodology for calculating Ancientree's export price. PDM at 22. In this explanation, Commerce did not make an adjustment to the export price calculations to account for the amount of a countervailing duty placed on the subject merchandise. *Id.* In the final results, Commerce made no changes to the export price calculation methodology used in the preliminary results. Final Results, P.R. 320.

Between the publication of the preliminary results and the publication of the final results, Ancientree submitted two briefs. *See* Ancientree's Case Brief, (July 10, 2023), P.R. 295; Ancientree's Rebuttal Brief (July 21, 2023), P.R. 307. In neither submission did Ancientree raise any issue with Commerce's export price calculation regarding an adjustment for a countervailing subsidy on the subject merchandise. *Id.* Rather, six days after Commerce's publication of the final results, Ancientree submitted a ministerial error allegation, claiming for the first time that Commerce's export price calculations did not include an export subsidy offset that is authorized by 19 U.S.C. § 1677a(c)(1)(c). *See* Rejection of Untimely Ministerial Error Allegation (Dep't of Commerce Nov. 20, 2023), P.R. 338. Because Ancientree did not raise any challenge to Commerce's export price calculation methodology in its case brief, as required by 19 C.F.R. §

351.224(c)(1) and 19 C.F.R. § 351.309(c)(2), Commerce rejected Ancientree's ministerial error

allegation as untimely.  *Id.*

## SUMMARY OF ARGUMENT

Commerce's rejection of Ancientree's ministerial error allegation is supported by

substantial evidence and in accordance with law.  Commerce's regulations require parties to raise

in their administrative case briefs all issues (whether they are characterized as ministerial errors

or otherwise), that were discoverable in the preliminary results.  Because Commerce's export

price methodology was known in the preliminary results, Ancientree could have timely raised its

claim that Commerce erroneously failed to deduct export subsidies in its case brief.  It did not.

Therefore, Commerce appropriately rejected Ancientree's ministerial error allegation as

untimely.

It is well-established that Commerce has discretion to set and enforce its procedural

deadlines and, contrary to Ancientree's arguments, Commerce does not abuse that discretion by

requiring that parties timely raise claimed errors for Commerce's consideration.  Nor can

Ancientree's failure to comply with the administrative case brief regulation be excused as a "pure

question of law" exception to the administrative exhaustion requirement.  Therefore, the Court

should sustain Commerce's final results in their entirety.

## ARGUMENT

## I.    Standard of Review

This Court sustains any determination, finding or conclusion by Commerce unless it is

unsupported by substantial evidence upon the record, or otherwise not in accordance with law.

19 U.S.C. § 1516a(b)(1)(B).  "Substantial evidence" connotes "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion."  *Consol. Edison Co. v.*

*NLRB*, 305 U.S. 197, 229 (1938).  Substantial evidence may also be "less than the weight of the evidence," and the possibility of drawing inconsistent conclusions from evidence upon the record does not render Commerce's finding unsupported by substantial evidence.  *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966).  Thus, a party challenging Commerce's determination under the substantial evidence standard "has chosen a course with a high barrier to reversal."  *Nippon Steel Corp. v. United States*, 458 F.3d 1345, 1352 (Fed. Cir. 2006) (citation and internal quotation marks omitted).  The Court should sustain Commerce's factual determinations as long as they are reasonable and supported by the record as a whole, even if some evidence detracts from the agency's conclusions.  *Atl. Sugar, Ltd. v. United States*, 744 F.2d 1556, 1562 (Fed. Cir. 1984).

"Absent constitutional constraints or extremely compelling circumstances{,} the administrative agencies should be free to fashion their own rules of procedure and to pursue methods of inquiry capable of permitting them to discharge their multitudinous duties."  *Vermont Yankee Nuclear Power Corp. v. Nat. Res. Def. Council, Inc.*, 435 U.S. 519, 543 (1978) (citations and internal quotation marks omitted).  Thus, Commerce "has broad discretion to establish its own rules governing administrative procedures, including the establishment and enforcement of time limits."  *Yantai Timken Co. v. United States*, 521 F. Supp. 2d 1356, 1370 (Ct. Int'l Trade 2007), *aff'd*, 300 F. App'x 934 (Fed. Cir. 2008); *Dongtai Peak Honey Indus. Co. v. United States*, 971 F. Supp. 2d 1234, 1239 (Ct. Int'l Trade 2014), *aff'd*, 777 F.3d 1343 (Fed. Cir. 2015).

## II.    Commerce's Rejection Of The Ministerial Error Allegation Was In Accordance With Law And Not An Abuse Of Discretion

During antidumping proceedings, Commerce's regulations allow parties the option to submit case briefs after the publication of the preliminary results.  19 C.F.R. § 351.309(c)(ii).  If a party chooses to do so, "{t}he case brief *must* present all arguments" that would be relevant to the final results.  19 C.F.R. § 351.309(c)(2) (emphasis added).  Further, the statute allows

5

Commerce to correct potential ministerial errors and instructs Commerce to establish procedures for doing so.  19 U.S.C. § 1675(h).  Commerce established those procedures in 19 C.F.R. § 351.224(c).  Subsection (c)(1) states that "{c}omments concerning ministerial errors made in the preliminary results of a review should be included in a party's case brief."

Commerce has broad discretion to set and enforce its own deadlines.  Commerce is "free to fashion {its} own rules of procedure and to pursue methods of inquiry capable of permitting {it} to discharge {its} multitudinous duties." *Vt. Yankee Nuclear Power Corp.*, 435 U.S. at 543 (citation omitted).  Indeed, "{s}trict enforcement of time limits and other requirements is neither arbitrary nor an abuse of discretion when Commerce provides a reasoned explanation for its decision." *Maverick Tube Corp. v. United States*, 107 F. Supp. 3d 1318, 1331 (Ct. Int'l Trade 2015) (citing *Dongtai Peak Honey Indus. Co. v. United States*, 971 F. Supp. 1234, 1242 (Ct. Int'l Trade 2014)).  When evaluating Commerce's rejection of untimely ministerial error allegations, this Court asks whether Commerce appropriately balanced "the desirability of finality, on the one hand, and the public interest in reaching what, ultimately, appears to be the right result on the other." *NTN Bearing Corp. v. United States*, 74 F.3d 1204, 1208 (Fed. Cir. 1995).  Applying that standard, neither "this Court nor the Court of Appeals for the Federal Circuit has ever found an abuse of discretion where Commerce has declined to correct a ministerial error that was detectable during the original proceedings but was not raised until after publication of the final results and the closure of the five-day window for ministerial error comments." *Nagase & Co. v. United States*, 628 F. Supp. 3d 1326, 1345 (Ct. Int'l Trade 2023) (citing *Dorbest*, 604 F.3d at 1377).

Commerce correctly rejected Ancientree's ministerial error allegation because it was untimely.  Interested parties must raise all issues relevant to the final results in their case briefs.

*See NTSF Seafoods Joint Stock C. v. United States*, Slip Op. 22-38, 2022 WL 1375140, at *10 (Ct. Int'l Trade 2022) ("The regulation's language that a party 'may submit comments' does not mean that compliance with the regulation and its time limits is optional.")  The error that Ancientree alleges (the failure to increase Ancientree's U.S. sales price by the amount of the Export Buyer's Credit program subsidy) was discoverable in the preliminary results.  But Ancientree failed to raise the issue in its case brief.  Ancientree failed to abide by these regulations because the error that it alleges (*i.e.*, the failure to increase Ancientree's U.S. sales price by the amount of the Export Buyer's Credit program subsidy) was discoverable in the preliminary results and was not raised in its case brief.

Thus, even if the ministerial error allegation raised a genuine ministerial error, which we do not concede,[2] Commerce was not required to consider Ancientree's allegation because it was submitted outside of the required time period.  *See, e.g.*, *QVD Food Co., Ltd. v. United States*, 658 F.3d 1318, 1328 (Fed. Cir. 2011) ("Commerce's refusal to make a ministerial error correction is not reversible error when the alleged mistake was discoverable during earlier proceedings but was not pointed out to Commerce during the time period specified by the regulations"); *Dorbest Ltd. v. United States*, 604 F.3d. 1363, 1377 (Fed. Cir. 2010) (same)); *Timken United States Corp. v. United States*, 434 F.3d, 1345, 1353 (Fed. Cir. 2006) ("Commerce

---

[2]  Ancientree notes that Commerce "did not deny that the allegation qualifies as a ministerial error."  *See* Ancientree Br. at 6.  Commerce did not reach the issue because it found Ancientree's allegation to be untimely.  Notably, Commerce does not correct methodological issues through the ministerial error process.  *See, e.g.*, *Catfish Farmers of Am. v. United States*, Slip Op. 23-97, 2023 WL 4560815, at *12 (Ct. Int'l Trade July 7, 2023) (upholding Commerce's decision to decline to consider an argument raised in a ministerial error allegation that more appropriately should have been raised in the party's case brief).  Commerce has previously treated a decision regarding whether to apply an export subsidy offset as methodological, not ministerial, in nature.  *See Cambria Co. LLC v. United States*, Slip Op. 24-62, 2024 WL 2722558, at *10 (Ct. Int'l Trade May 28, 2024) (summarizing Commerce's position regarding a similar export subsidy offset claim).

is free to correct any type of importer error…provided the importer seeks correction before Commerce issues its final results."); *Stanley Works (Langfang) Fastening Sys. v. United States*, 964 F. Supp. 2d 1311, 1341 (Ct. Int'l Trade 2013) ("{Plaintiff}'s failure to raise any ministerial allegations at the time Commerce's calculations were disclosed, or even in its administrative case brief, is fatal to the claim that it seeks to press here").

Ancientree does not dispute that the error it alleges was discoverable in the preliminary results, nor does Ancientree dispute that it failed to raise the alleged error in its case brief. Instead, Ancientree asserts that Commerce abused its discretion in rejecting its ministerial error allegation because: (1) Commerce's error contravened the statute; and (2) Commerce treated it differently from other parties who benefitted from export subsidy adjustments without needing to request one. Ancientree Br. at 10-11. These arguments do not demonstrate that Commerce abused its discretion.

Here, Commerce explained that Ancientree's ministerial error allegation was untimely, citing the relevant regulations and clarifying that Ancientree was required to raise the claim in its administrative case brief. *See* Rejection of Untimely Ministerial Error Allegation (Dep't of Commerce November 20, 2023), P.R. 338. Given that Commerce's decision to enforce its deadlines regarding Ancientree's ministerial error allegation was accompanied by a reasoned explanation and Ancientree waited until after the final results to raise the alleged error, it was not an abuse of discretion for Commerce to reject the allegation, and "the requirement of administrative finality necessarily outweighed {the} belated concern for correctness." *See Chengde Malleable Iron General Factory v. United States*, 505 F. Supp. 2d 1367, 1374 (Ct. Int'l Trade 2007).

Commerce's regulations do not differentiate between the types of issues or errors that must be raised in case briefs. Thus, the fact that the error alleged was a legal one (that Commerce's alleged error pertained to an adjustment authorized by the statute) rather than a factual or clerical error, is irrelevant. Commerce relies upon the parties' case briefs to present arguments relevant to the final determination so that Commerce can reach a more accurate result. *See* 19 C.F.R. § 351.309(c)(2). Commerce is not required to address alleged errors that are not timely raised in the parties' case briefs, even if Commerce's alleged error pertains to something that is required by statute and Commerce's practice.

For example, in *QVD Food Co., Ltd.*, the Federal Circuit affirmed Commerce's refusal to entertain plaintiff's untimely claim that Commerce double-counted certain general expenses in its financial ratio build-up. 658 F.3d at 1328. Like the export subsidy offset, the general expenses at issue in *QVD Food Co., Ltd.* were required by statute as part of the normal value build-up. *See* 19 U.S.C. § 1677b(c)(1) (addressing non-market economy methodology, which was at issue in *QVD*). Yet the Federal Circuit found that because the alleged error was discoverable as early as the preliminary results of the proceeding, and the plaintiff in that case failed to raise the error in its case brief and only did so in a ministerial error allegation after the publication of the final results, Commerce did not abuse its discretion to declining to correct the untimely-alleged error. *QVD Food Co., Ltd.*, 658 F.3d at 1328.

Similarly, here, Ancientree alleges that Commerce erred in overlooking the export subsidy adjustment when calculating export price. Ancientree Br. at 8. But that alleged error was discoverable in the preliminary results and Ancientree failed to raise any issue with it in its case brief, only doing so in an untimely ministerial error allegation after the publication of the final results. Thus, Commerce's rejection of the ministerial error allegation and denial of the

suggested changes to the export price calculation was in accordance with law and not an abuse of discretion.

Ancientree further argues that Commerce abused its discretion by rejecting Ancientree's untimely ministerial error allegation by treating Ancientree in a manner dissimilar to parties for whom Commerce made an export subsidy adjustment without parties having requested it. Ancientree Br. at 10.  However, this argument ignores the process for identifying alleged errors in Commerce's decisions outlined in 19 C.F.R. § 351.224(c)(1), which Ancientree failed to follow.  Ancientree does not identify any example where Commerce corrected an error based on an untimely ministerial error allegation involving Commerce's failure to make an export subsidy offset.  Therefore, contrary to Ancientree's claims, Commerce has not treated similarly-situated parties differently.  Commerce's adjustment for export subsidies in other cases is irrelevant given the key fact of the present case: Ancientree failed to raise the issue by the required deadline.

### III.    This Court Should Not Consider Ancientree's Belated Objection to Commerce's Export Price Calculations

Ancientree asks the Court to set aside Commerce's lawful application of its regulation on grounds that two exceptions to the exhaustion doctrine apply.  Ancientree Br. at 7-10.  However, as demonstrated above, Commerce lawfully exercised its discretion to enforce its regulatory time limits by rejecting Ancientree's untimely ministerial allegation.  Moreover, Ancientree cannot use any exception to the exhaustion doctrine to excuse its failure to comply with administrative time limits.

#### A.    Legal Standard For Exhaustion Of Administrative Remedies

Congress has mandated that "the Court of International Trade shall, where appropriate, require the exhaustion of administrative remedies."  28 U.S.C. § 2637(d).  This statute, "indicates a congressional intent that, absent a strong contrary reason, the court should insist that parties

exhaust their remedies before the pertinent administrative agencies." *Boomerang Tube LLC v. United States*, 856 F.3d 908, 912 (Fed. Cir. 2017) (*citing Corus Staal BV v. United States*, 502 F.3d 1370, 1379 (Fed. Cir. 2007)). Parties must exhaust administrative remedies before Commerce by raising all issues in their initial case briefs during administrative proceedings. *See Prime Time Commerce LLC v. United States*, 495 F. Supp. 3d 1308, 1313-14 (Ct. Int'l Trade 2021) (*citing Dorbest Ltd.*, 604 F.3d at 1375 (internal citation omitted); *ABB, Inc. v. United States*, 920 F.3d 811, 818 (Fed. Cir. 2019); *Mittal Steel Point Lisas Ltd. v. United States*, 548 F.3d 1375, 1383 (Fed. Cir. 2008).

"Exhaustion serves two main purposes: 'to allow an administrative agency to perform functions within its special competence- to make a factual record, to apply its expertise, and to correct its own errors,' and to 'promot{e} judicial efficiency by enabling an agency to correct its own errors so as to moot judicial controversies.'" *Stanley Works (Langfang) Fastening Systems Co. v. United States*, 279 F. Supp. 3d 1172, 1189 (Ct. Int'l Trade 2021) (quoting *Sandvik Steel Co. v. United States*, 164 F.3d 596, 600 (Fed. Cir. 1998)); *see also Corus Staal*, 502 F.3d at 1379-80 (citing *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). As such, the Court "generally takes a 'strict view' of the requirement that parties exhaust their administrative remedies before the Department of Commerce in trade cases." *Corus Staal*, 502 F.3d at 1379 (*citing Ta Chen Stainless Steel Pipe, Ltd. v. United States*, 342 F. Supp 2d 1191, 1205 (Ct. Int'l Trade 2004); *Pohang Iron & Steel Co. v. United States*, 23 Ct. Int'l Trade 778, 792 (1999)).

Exceptions to the exhaustion requirement are limited, but Ancientree identifies two. First, Ancientree argues that whether it is entitled to an offset for the countervailable subsidy is a pure question of law, Ancientree Br. at 9, which can be addressed without further factual development or further agency exercise of discretion, *see Itochu Bldg. Prods. v. United States*,

733 F.3d 1140, 1146 (Fed. Cir. 2013).  Second, Ancientree asserts that an exception applies

because Commerce had the opportunity to consider the issue but chose not to avail itself.

Ancientree Br. at 9 (citing *Zhaoqing Tifo New Fibre Co. v. United States*, 60 F. Supp. 3d 1328,

1355 (Ct. Int'l Trade 2015)).  Neither of these exceptions apply here.

> **B.**    **Ancientree Fails To Identify Any Exception To The Exhaustion Doctrine That Applies**

As discussed above, Commerce's regulations establish the requirements for parties to

submit substantive arguments.  *See* 19 C.F.R. § 351.224(c)(1); 19 C.F.R. § 351.309(c)(2).

Commerce never adjusted the export price calculations, Ancientree's case briefs failed to raise

any concern, and Ancientree only took issue with the calculation after the final results.

Ancientree's Case Brief, (July 10, 2023), P.R. 295; Ancientree's Rebuttal Brief (July 21, 2023),

P.R. 307; Rejection of Untimely Ministerial Error Allegation (Dep't of Commerce November 20,

2023). P.R. 338.  Therefore, Ancientree failed to exhaust its administrative remedies.

Accordingly, the Court should not consider Ancientree's arguments.

This Court has recognized that the failure to raise an argument in an administrative case

brief, as required by 19 C.F.R. § 351.309, is an independent basis to decline to entertain a new

argument.  *See Corus Staal*, 502 F.3d at 1379 (explaining that in the context of 19 C.F.R. §

351.309, the exhaustion requirement is "a requirement explicitly imposed by the agency as a

prerequisite to judicial review"); *see also Samsung Electronics Co. Ltd. v. United States*, 72 F.

Supp. 3d 1359, 1371 (Ct. Int'l Trade 2015) ("a violation of Commerce's regulation, therefore,

supplies an independent ground for determining that an argument has not been exhausted");

*NTSF Seafoods Joint Stock Co.*, Slip Op. 22-38, 2022 WL 1375140, at *10 ("Both Commerce

and reviewing courts normally find an argument not presented in a party's case brief to be

waived unless the argument could not have been raised in the case brief.").  Therefore,

Ancientree's failure to raise its objection to the export price calculations as required by Commerce's regulations means that their arguments have not been exhausted.

Ancientree argues that this Court should exercise its discretion to find that the exhaustion requirement should not apply in this case. Ancientree Br. at 8. However, while this Court has discretion in deciding where it is "appropriate" to require exhaustion, when it is appropriate, it *must* do so. Exhaustion is appropriate here. Ancientree should not be allowed to circumvent the administrative process for raising errors for Commerce's consideration. That process required Ancientree to raise any issue with Commerce's export price calculations as they relate to an export subsidy offset in its case brief. 19 C.F.R. § 351.224(c)(1); 19 C.F.R. § 351.309(c)(2). Ancientree did not do so. Therefore, remanding for Commerce to belatedly address the issue would undermine the purpose of the exhaustion doctrine, which is to "protect administrative agency authority and promot{e} judicial efficiency." *See McCarthy*, 503 U.S. at 145; *see also Fischer S.A. Comercio, Industria & Agricultura v. United States*, 885 F. Supp. 2d 1366, 1376 (Ct. Int'l Trade 2012) ("Allowing Plaintiffs to make this argument before the court betrays the purpose of the ministerial error procedure and undercuts the exhaustion requirement."). Not applying the exhaustion requirement would result in "weaken{ing} an agency's effectiveness by encouraging disregard of its procedures." *McCarthy*, 503 U.S. at 145 (citing *McKart v. United States*, 395 U.S. 185, 195 (1969)).

The "pure question of law" exception to the exhaustion requirement does not apply because the revision Ancientree suggests cannot be addressed without further factual development. *See Itochu Bldg. Prods.*, 733 F.3d at 1146. While Ancientree characterizes the fact that its imports were subject to a rate for the Export Buyers Credit Program in the companion countervailing duty proceeding as "undisputed fact," such "fact" was not on the record of *this*

administrative review of the antidumping duty order because Ancientree failed to raise it and Commerce never considered it.  Whether to apply an export subsidy offset necessarily requires consideration of facts in light of the applicable statutory provision.  *See* 19 U.S.C. § 1677a(c)(1)(c).  But an issue involving a pure question of law "must be of purely legal nature . . . requir{ing} neither further agency involvement nor additional fact finding or opening up the record." *Thai I-Mei Frozen Foods Co. v. United States*, 477 F. Supp. 2d 1332, 1354 (2007).  Any resolution of Ancientree's argument would necessarily require Commerce's involvement and consideration of the parallel countervailing duty proceeding.  Therefore, Ancientree presents a mixed question of fact and law, rendering the "pure question of law" exception inapplicable. *See, e.g.*, *Qingdao Ge Rui Da Rubber Co. v. United States*, 664 F. Supp. 3d 1369, 1377 (Ct. Int'l Trade 2023) (declining to consider mixed question of fact and law under the pure question of law exception).

Second, Ancientree argues that the exhaustion requirement does not apply when the agency had an "opportunity to consider the issue at the administrative level." *Zhaoqing Tifo New Fibre Co.*, 60 F. Supp. 3d at 1328 (citing *Indiana Utility Regulatory Comm'n v. FERC*, 668 F.3d 735, 739 (D.C. Cir. 2012)).  However, such an opportunity must still comport with Commerce's regulations regarding the time periods required for raising claims.  *See Euro SME SDN BHD v. United States*, Slip Op. 24-16, 2024 WL 550334, *13 (Ct. Int't Trade 2024) (holding that allegations are forfeited by not timely including the issue in a case brief after an error was discoverable in the preliminary results).  Ancientree asserts that its raising of the issue in a ministerial error allegation provides the "opportunity" Commerce needed to consider the issue.  Considering this untimely allegation as an opportunity would undermine the purpose of 19 C.F.R. § 351.224(c)(1).  The ministerial error procedures do not serve as a mechanism for parties

to raise substantive arguments outside of the required time limits for doing so.  *See Fischer S.A. Comercia*, 885 F. Supp. 2d at 1376 (this Court "will not allow Plaintiffs to make an end run around the exhaustion requirement by entertaining an unexhausted substantive issue disguised as a ministerial error").  Allowing a ministerial error challenge to serve as an "opportunity" that would excuse the exhaustion requirement "would enable a party to preserve a substantive legal challenge to Commerce's determination using the protection of the ministerial error process, thus depriving Commerce of its opportunity to defend its decision at the proper time."  *Id*. (citing *United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 37 (1952)).

Although Ancientree cites *Zhaoqing Tifo New Fibre*, the facts of that case clearly distinguish it and show that this exception does not apply here.  Ancientree Br. at 9.  In *Zhaoqing Tifo New Fibre*, which concerned potential double counting in surrogate financial ratios of energy inputs, the domestic producer raised the double counting issue and Commerce considered some energy expenses in its decision memorandum.  60 F. Supp. 3d. at 1356-59.  Although Commerce did not consider the exact energy expenses at issue, the Court concluded that Commerce was on notice of potential double counting because the issue was raised and considered by Commerce in the final results.  *Id.*  By contrast, Ancientree never presented any concerns regarding the export subsidy offset prior to the issuance of the final results.  When there is "no indication . . . that the agency did indeed fully consider the issue," there is no basis to excuse the exhaustion requirement.  *See Pakfood Public Co. v. United States*, 724 F. Supp. 1327, 1353 (Ct. Int'l Trade 2010).

15

## <u>CONCLUSION</u>

For these reasons, we respectfully request that the Court deny Ancientree's motion for judgment on the agency record, sustain Commerce's final results in their entirety, and enter judgment in favor of the United States.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

<u>/s/ Tara K. Hogan</u>
OF COUNSEL:                         TARA K. HOGAN
                                    Assistant Director

Heather Holman                      <u>/s/ Collin T. Mathias</u>
Attorney                            COLLIN T. MATHIAS
Office of the Chief Counsel         Trial Attorney
for Trade Enforcement and Compliance   U.S. Department of Justice
U.S. Department of Commerce         Civil Division
Washington, D.C. 20230              Commercial Litigation Branch
                                    P.O. Box 480, Ben Franklin Station
                                    Washington, D.C. 200444
                                    Telephone: (202) 307-0315
                                    Email: Collin.T.Mathias@usdoj.gov

August 12, 2024                     *Attorneys for Defendant United States*

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that this brief complies with the word limitation in Court of International Trade Standard Chambers Procedures § 2(B)(1), and contains approximately 4,470 words, excluding the parts of the brief exempted from the word limitation.  In preparing this certificate of compliance, I have relied upon the word count function of the word processing system used to prepare the brief.


<u>/s/ Collin T. Mathias</u>