**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| THE ANCIENTREE CABINET CO., LTD,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant,<br><br>and<br><br>AMERICAN KITCHEN CABINET ALLIANCE,<br><br>Defendant-Intervenor. | Before: Mark A. Barnett, Chief Judge<br>Court No. 23-00262 |

**ORDER**

This case arises out of the U.S. Department of Commerce's ("Commerce" or "the agency") final results in the second administrative review of the antidumping duty ("AD") order on wooden cabinets and vanities and components thereof from the People's Republic of China ("China") for the period of review ("POR") April 1, 2021, through March 31, 2022.  *See Wooden Cabinets and Vanities and Components Thereof From the People's Republic of China*, 88 Fed. Reg. 76,729 (Dep't Commerce Nov. 7, 2023) (final results and final determination of no shipments of the AD admin. rev.; 2021–2022) ("*Final Results*"), ECF No. 16-4.  This case involves Commerce's alleged failure to increase Plaintiff's U.S. price pursuant to 19 U.S.C. § 1677a(c)(1)(C) (2018) to account

for alleged export subsidies countervailed in the companion countervailing duty order.[1]

Compl. ¶ 15, ECF No. 8.  In the underlying proceeding, Commerce rejected as untimely

Plaintiff's ministerial error allegation regarding that failure.  *See* Rejection of Untimely

Ministerial Error Allegation (Nov. 20, 2023) ("Rejection Mem."), ECF No. 16-6.[2]

In summary, following issuance of the *Final Results*, on November 13, 2023,

Plaintiff, The Ancientree Cabinet Co., Ltd. ("Ancientree"), filed a ministerial error

allegation.  *Id.* at 1.  Commerce characterized this allegation as "untimely" because

"[t]he alleged ministerial error referenced in [the]submission was discoverable earlier in

this proceeding (i.e., immediately following the preliminary results) but was not pointed

out to Commerce during the period specified by [the] regulations."  *Id.* (citing 19 C.F.R.

§§ 351.224(c)(1), 351.309(c)(2)).  Commerce rejected and removed the submission

from the record.  *Id.* at 2 (citing 19 C.F.R. §§ 351.302(d), 351.104(a)(2)(iii)).

---

[1] Section 1677a(c)(1)(C) directs Commerce to increase "[t]he price used to establish export price and constructed export price" by "the amount of any countervailing duty imposed on the subject merchandise . . . to offset an export subsidy."  19 U.S.C. § 1677a(c)(1)(C).  Export price and constructed export price refer to the price at which the subject merchandise is "sold in the United States," *id.* § 1673(1), and is therefore referred to as "U.S. price."

[2] Plaintiff has filed a motion seeking judgment on the agency record pursuant to U.S. Court of International Trade ("CIT") Rule 56.2.  Pl.'s Mot. for J. on the Agency R., ECF No. 28, and accompanying Pl.'s Rule 56.2 Mem. in Supp. of Mot. for J. Upon the Agency R. ("Pl.'s Mem."), ECF No. 28-2.  Defendant United States ("the Government") and Defendant-Intervenor American Kitchen Cabinet Alliance ("the Alliance") have filed responses in opposition to Ancientree's motion.  Def.'s Resp. to [Pl.'s] Rule 56.2 Mot.[] for J. on the Agency R. ("Def.'s Resp."), ECF No. 29; Def.-Int.'s Resp. to Pl.'s Mot. for J. on the Agency R. ("Def.-Int.'s Resp."), ECF No. 30.  Plaintiff has filed a reply.  Pl.'s Reply Br. ("Pl.'s Reply"), ECF No. 31.

The statute requires the court to review Commerce's AD determinations for "substantial evidence on the record."  19 U.S.C. § 1516a(b)(1)(B)(i).  Among other things, the record "shall consist of . . . a copy of all information presented to or obtained by" Commerce "during the course of the administrative proceeding."  *Id.* § 1516a(b)(2)(A)(i); *cf.* 19 C.F.R. § 351.104(a)(1) (defining the official record).

Commerce's regulations provide for the removal from the record of "[u]ntimely filed factual information, written argument, or other material that the [agency] rejects, except as provided under [19 C.F.R.] § 351.104(a)(2)."  19 C.F.R. § 351.302(d)(1)(i). Section 351.104 states that the administrative record "*will* include a copy of a rejected document, solely for purposes of establishing and documenting the basis for rejecting the document, if the document was rejected because: (A) The document, although otherwise timely, contains untimely filed new factual information."  19 C.F.R. § 351.104(a)(2)(ii)(A) (emphasis added).  Apart from this exception, Commerce will not retain "any document that the [agency] rejects as untimely filed."  *Id.* § 351.104(a)(2)(iii). The preamble to Commerce's proposed regulations explains that when a document is "rejected as untimely, it is unnecessary to retain a copy of the submission in the official record, because the timeliness/untimeliness of the submission can be documented by means other than retention of the submission."  *Antidumping Duties; Countervailing Duties*, 61 Fed. Reg. 7,308, 7,312 (Dep't Commerce Feb. 27, 1996) (proposed rule).

With respect to ministerial errors.  Commerce's regulations state: "Comments concerning ministerial errors made in the preliminary results of a review should be included in a party's case brief."  19 C.F.R. § 351.224(c)(1).  Consistent therewith, an

interested party's "case brief must present all arguments that continue in the submitter's view to be relevant to the [agency's] . . . final results." *Id.* § 351.309(c)(2).  Commerce requires ministerial error allegations regarding a final determination to be filed within five days after the date on which Commerce "released disclosure documents to that party," *id.* § 351.224(c)(2)(i).

In the underlying proceeding, Commerce rejected Ancientree's ministerial error allegation.  Ancientree's allegation was filed on November 13, 2023, and appears to have been timely with respect to the five-day-rule of section 351.224(c)(2)(i); however, because the agency determined that the allegation contained an argument that should have been raised in Ancientree's case brief, the agency rejected it.  Rejection Mem. at 1.  Commerce also applied 19 C.F.R. § 351.302(d)(1)(i) and Ancientree's ministerial error allegation is not part of the record for judicial review.

Therein lies the problem.  The court cannot review whether Ancientree's allegation was untimely without seeing the argument —and that requires record documentation, not merely the parties' say-so, even when that party is the Government.  Commerce's determination regarding the untimeliness of *the argument* contained in Ancientree's submission, as distinct from an untimely *submission*, cannot be substantiated "by means other than retention of the submission."  *Antidumping Duties; Countervailing Duties*, 61 Fed. Reg. at 7,312.

The parties' repeated references to the purported argument confirms the problem with Commerce's treatment of the submission.  *See, e.g.*, Pl.'s Mem. at 2, 8–9; Def.'s Resp. at 3; Def.-Int.'s Resp. at 2–3; Pl.'s Reply at 1.  For these assertions the

Government and the Alliance cite to Commerce's Rejection Memorandum.  Def.'s Resp.

at 3; Def.-Int.'s Resp. at 2–3.  While that document substantiates Ancientree's filing of

the ministerial error allegation, it does not substantiate the nature of the allegation

contained therein.

The court has previously required Commerce to correct the record for review

when the agency improperly rejected and removed a ministerial error allegation from the

record under analogous circumstances.  In the context of evaluating whether a

company constituted "a party to the proceeding" for standing purposes, the court stated:

"Here, Commerce did not reject the ministerial error allegation on the basis of the

*submission's* untimeliness.  Rather, Commerce rejected (or denied) the ministerial error

allegation based upon its analysis of the timeliness of its *content*."  *Hor Liang Indus.*

*Corp. v. United States*, 42 CIT __, __, 337 F. Supp. 3d 1310, 1321 (2018) (citation

omitted).  There, the court found that "[t]he substance of Commerce's explanation

reflects compliance with its regulatory obligation to 'analyze any [ministerial error]

comments received.'"  *Id.* (alteration in original) (quoting 19 C.F.R. § 351.224(e)).  Thus,

the court found, Commerce should have retained the ministerial error allegation on the

record for judicial review of the actual basis for Commerce's determination.  *See id.*

So too here, Commerce "analyze[d the] comments received," 19 C.F.R.

§ 351.224(e), and concluded that a change was inappropriate based on the timing of

Ancientree's raising of the argument.  Rejection Mem. at 1 & n.1.  That conclusion is

"subject to judicial review."  *Hor Liang*, 337 F. Supp. 3d at 1321 (quoting *Alloy Piping*

*Prods., Inc. v. Kanzen Tetsu Sdn. Bhd.*, 334 F.3d 1284, 1291–92 (Fed. Cir. 2003)).

Court No. 23-00262                                                    Page 6

Section 1516a(b)(2)(A)(i) therefore required Commerce to retain Ancientree's ministerial

error allegation on the record for that purpose, and the submission is properly part of the

record pursuant to 19 C.F.R. § 351.104(a)(2).[3]

      Accordingly, on or before October 7, 2024, Commerce is hereby **ORDERED** to:

1) correct the administrative record in the underlying proceeding by restoring

Ancientree's ministerial error allegation to the record; and 2) file appropriately revised

administrative record indices with the court.  Parties may file objections to the foregoing

on or before October 2, 2024.  Unless the court directs otherwise, Plaintiff must include

a copy of the ministerial error allegation in the joint appendices that are due on October

9, 2024.  Because the parties have argued their respective positions in reference to the

contents of the allegation, the court intends to resolve the pending Rule 56.2 motion

without additional briefing.

                                      /s/     Mark A. Barnett
                                    Mark A. Barnett, Chief Judge

Dated: September 26, 2024
       New York, New York

---

[3] The court's finding that Commerce was required to retain the ministerial error allegation on the record is without prejudice to the agency's finding that the argument contained therein was untimely and should have been raised in Ancientree's administrative case brief.  The court will address that issue in its opinion on the merits.